IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE W. SMITH,

    Plaintiff,                      No. CIV S-05-1265 LKK DAD P

    vs.

ROSANNE CAMPBELL, et al.,       ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

                           /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1). Pursuant to the court's order filed June 30, 2005, plaintiff has filed a properly completed application to proceed in forma pauperis.

        Plaintiff has moved for leave to amend his complaint to add a defendant and a new claim. The motion was accompanied by an amended complaint. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). In this case, the initial complaint has not been served on any defendant, and no responsive pleading has been served. Plaintiff's motion for leave to file an amended complaint will therefore be granted. Plaintiff's

1

initial complaint has been superseded by the amended complaint filed on April 11, 2006.  The initial complaint will no longer serve any function in this case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  When a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's

favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may consider matters of public record, including pleadings and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

In the present case, plaintiff is confined in Mule Creek State Prison. The claims alleged in plaintiff's amended complaint arise from a cell search that was conducted at Mule Creek State Prison on March 14, 2004. Plaintiff has sued the captain who ordered that all cells in C-Facility be searched for altered appliances, the sergeant who supervised the searches in the C-Facility gym, the two officers who searched plaintiff's cell in the C-Facility gym, the lieutenant who interviewed plaintiff and denied his inmate appeal concerning personal property lost or damaged in the search, and the warden, who also denied plaintiff's inmate appeal.

Plaintiff alleges as follows: He was not present when his cell was searched on March 14, 2004; when he returned to his housing area, he found his personal property removed from his locker and stacked on his bunk; his radio/CD player was missing but was later returned damaged; plaintiff believed his radio had been placed on the bottom of a cart and that other confiscated appliances, including television sets, large and small radios, and typewriters, were stacked on top of it; plaintiff found his prescription eyeglasses under property stacked on his bunk; the eyeglasses were broken; plaintiff believed that the guards had a pernicious intent and should have known that his radio was a manufacturer-modified model obtained from an approved vendor and that the radio comes with a warning not to place objects on top of it because it is fragile; he believed the guards recklessly and intentionally put his eyeglasses at the bottom of the stack of property on his bunk; plaintiff looked for but did not initially find a cell search form; plaintiff advised the housing officer on duty that the radio was missing, no search slip had been left, and many other items were broken and/or damaged; the captain's search memorandum provided that all appliances were to be inspected on site in the cells or living area, that appliances suspected of being altered were to be inspected by an ISU officer, that appliances were not to be confiscated unless the ISU officer determined that they were altered, and that a written receipt was to be issued for each confiscated appliance; the search memorandum also provided that a sergeant was to supervise the search and ensure that the officers complied with policy; plaintiff believed that the officers and their sergeant, acting with deliberate indifference

4

and recklessness, did not comply with the memorandum and instead confiscated nearly all appliances and later determined, out of the sight of inmates, whether the appliances were altered; plaintiff filed a grievance on March 22, 2004; the grievance was denied at the informal level and all three formal levels; plaintiff filed a claim with the Victim Compensation and Government Claim Board, and the claim was rejected.

Plaintiff contends that the search and seizure that led to the destruction of his personal property was unreasonable and violated his rights under the Fourth, Eighth, and Fourteenth Amendments. Plaintiff also contends that the violations were a product of "official policies, customs and pervasive practices." In an attachment titled "Monell Claim," plaintiff makes conclusory assertions about California prisons and contends that a lack of accountability led to the intentional damage of his property on March 14, 2004. Plaintiff speculates that the mass search and seizure was ordered due to heavy drug activity in C-Facility by other inmates with whom plaintiff had no association other than race. Plaintiff asserts that the defendants violated his due process and equal protection rights by seizing his radio "solely based on his Racial Group, with the intent of punishing **"BLACK"** inmates on the C-Facility yard."

Plaintiff seeks a declaration that defendants' acts and omissions violated his rights, along with a preliminary and permanent injunction ordering the warden "to cease from using the methods and policy of mass Searches and Seizures, where the actions were motivated by evil motives, intentions, and involved reckless and callous indifference to all of the plaintiff's Rights and property." Plaintiff seeks actual damages in the amount of $489.93, consisting of $125.95 for his radio and $363.98 for prescription eyeglasses purchased to replace his broken eyeglasses. Although plaintiff's pleading contains no factual allegations or claims concerning a typewriter or the law library, he requests punitive damages in the amount of $1,025.00, consisting of $200.00 for a typewriter and $825.00 in reimbursement for the paralegal course he was "forced" to take, due to the alleged inadequacy of the prison law library, in order to litigate this case.

1          Attached to the amended complaint is a copy of the cell search memorandum
2   addressed to all staff and inmates on March 11, 2004.  The document shows that the search
3   involved all inmates in Facility C and was not limited to inmates of any race.  A copy of a cell
4   search receipt dated March 14, 2004, shows that plaintiff's radio was confiscated as altered.
5          A copy of plaintiff's inmate appeal reveals that (1) plaintiff found the cell search
6   receipt on his bunk with his broken eyeglasses; (2) plaintiff's radio was returned four days later,
7   after it was determined that the seals were intact and the radio had not been altered; (3) plaintiff
8   signed a property receipt for the radio after the officer demonstrated that the radio worked, but
9   plaintiff later found that the CD player did not work; (4) plaintiff requested repair of the radio
10  and his eyeglasses; (5) plaintiff did not complain that the searches were conducted for racial
11  reasons or that the searches were conducted in a manner that was discriminatory against any
12  racial group.  At the informal level, the sergeant denied that staff damaged plaintiff's property
13  and asserted that plaintiff's radio was carried out of his cell by hand and was not placed in a cart.
14  At the first formal level, plaintiff was interviewed by the lieutenant.  The first-level appeal
15  response notes that plaintiff's radio was six years old and states that, although one of the officers
16  admitted placing confiscated appliances in a cart, the officer asserted that the appliances were
17  placed in the cart carefully to avoid damage and that all appliances were tested to make sure that
18  all functions were operational.  The conclusion at the first formal level was that plaintiff's
19  appliance was in good working order when it was returned to him and that there was no
20  substantial evidence to support the claim that staff intentionally or mistakenly damaged
21  plaintiff's eyeglasses.  At the second formal level, the warden found that the department could
22  not accept responsibility for plaintiff's property where liability had not been established.  The
23  appeal was denied at the third formal level for the same reason.
24         The United States Supreme Court has expressly held that "the Fourth Amendment
25  proscription against unreasonable searches does not apply within the confines of the prison cell."
26  <u>Hudson v. Palmer</u>, 468 U.S. 517, 526 (1984).  The Court explained that "recognition of privacy

1 rights for prisoners in their individual cells simply cannot be reconciled with the concept of
2 incarceration and the needs and objectives of penal institutions." Id.  For the same reasons, the
3 Fourth Amendment proscription against unreasonable seizures is inapplicable to a prisoner's cell.
4 Id. at 528 n.8.  "Prison officials must be free to seize from cells any articles which, in their view,
5 disserve legitimate institutional interests." Id.  In light of well established law, plaintiff's Fourth
6 Amendment claims fail to state a claim upon which relief may be granted.  The claims must be
7 dismissed without leave to amend because it is evident that plaintiff cannot allege facts that
8 would state a Fourth Amendment claim upon which relief may be granted.

9        A prisoner may not be deprived of a protected property interest without due
10 process.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, "the Due Process Clause is
11 simply not implicated by a *negligent* act of an official causing unintended loss of or injury to . . .
12 property." Daniels v. Williams, 474 U.S. 327, 328 (1986).  Similarly, "an unauthorized
13 intentional deprivation of property by a state employee does not constitute a violation of  the
14 procedural requirements of the Due Process Clause of the Fourteenth Amendment if a
15 meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. at
16 533.  In California, a meaningful postdeprivation remedy is available in the form of a tort claim
17 against public officials pursuant to California Government Code § 900, et seq.  See City of West
18 Covina v. Perkins, 525 U.S. 234, 240 (1999).  Because the State of California provides a
19 meaningful postdeprivation remedy for any property deprivation that was either negligent or
20 intentional but unauthorized, the allegation of such a deprivation fails to state a claim upon
21 which relief can be granted in the federal courts.  Only an authorized, intentional deprivation of
22 property by a public official may constitute an actionable violation of the Due Process Clause.
23 Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

24        The plaintiff in this case has alleged that two correctional officers damaged his
25 radio and his eyeglasses, either negligently or deliberately, and that the remaining defendants
26 condoned or failed to remedy the deprivation of plaintiff's property.  Plaintiff's own allegations

and exhibits demonstrate that the officers were not authorized to destroy or damage inmates' personal property during the cell searches carried out on March 14, 2004, pursuant to the memorandum issued on March 11, 2004.  Because the damage to plaintiff's property was not authorized and the State of California provides a postdeprivation remedy for property deprivation arising from negligent acts or from unauthorized intentional acts, the Due Process Clause of the Fourteenth Amendment is not implicated by plaintiff's allegations.  Even when taken as true, plaintiff's allegations fail to state a due process claim under the Fourteenth Amendment.  Plaintiff cannot cure the defects of his due process claim because it is a matter of record that the property damage at issue was either negligent, or intentional but unauthorized.  This claim should be dismissed without leave to amend.

The Eighth Amendment imposes on prison officials a duty to provide humane conditions of confinement.  Wilson v. Seiter, 501 U.S. 294, 303 (1991); Hudson, 468 U.S. at 526-27.  While the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment, "[i]t is obduracy and wantonness, not inadvertence or error in good faith," that characterize the forbidden conduct.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  To state an Eighth Amendment violation, the plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation at the hands of a defendant and that subjectively the defendant had a culpable state of mind in causing the deprivation to occur.  501 U.S. at 298-99.  Here, plaintiff has not alleged facts demonstrating that any defendant subjected plaintiff to a sufficiently serious deprivation of his right to humane conditions of confinement or that any defendant acted with a culpable state of mind.  The undersigned finds that plaintiff's amended complaint fails to state an Eighth Amendment claim upon which relief can be granted.  Nor does it appear that plaintiff can cure the defects of his Eighth Amendment claim by alleging any facts showing that the property damage deprived him of humane conditions of confinement or that any defendant acted with a sufficiently culpable state of mind.  This claim should be dismissed without leave to amend.

Under the Equal Protection Clause, "the State must govern impartially." McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991). The state's laws and rules must be applied evenhandedly to all persons within the jurisdiction. Id. (citing Jones v. Helms, 452 U.S. 412, 423 (1981)). The laws and rules must also be evenhanded as actually applied to specific individuals. Id. at 834-35. Ultimately, the Equal Protection Clause "'guarantees equal laws, not equal results.'" McQueary, 924 F.2d at 835 (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 273 (1979)). A plaintiff who alleges denial of equal protection bears the burden of establishing a prima facie case of invidious discrimination. See United States v. Estrada-Plata, 57 F.3d 757, 760 (9th Cir. 1995).

In the present case, plaintiff's conclusory allegation of an equal protection violation lacks factual support. Plaintiff asserts that the seizure of his property was "solely based on his Racial Group, with the intent of punishing **"BLACK"** inmates on the C-Facility yard," but his own evidence shows that the cell searches applied to all inmates in Facility C. Plaintiff has not alleged facts showing that the defendants conducted the cell searches in an arbitrary or invidiously discriminatory manner or that the defendants damaged the property of black inmates but did not damage the property of inmates of other races. See Armendariz v. Penman, 75 F.3d 1311, 1326 (9th Cir. 1996); McQueary, 924 F.2d at 834-35; Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir. 1990). Plaintiff's amended complaint fails to state an equal protection claim upon which relief may be granted, and it does not appear that plaintiff can cure the defects of this claim. Moreover, plaintiff did not complain of an equal protection violation at any level of the appeal process and therefore failed to exhaust administrative remedies on such a claim prior to bringing this action.

Plaintiff's amended complaint fails to state any claim upon which relief may be granted. Plaintiff's application to proceed in forma pauperis should be denied, and this action should be dismissed.

/////

IT IS HEREBY ORDERED that plaintiff's April 11, 2006 motion for leave to amend is granted pursuant to Rule 15(a) of the Federal Rules of Civil Procedure;

IT IS RECOMMENDED that:

1. Plaintiff's July 22, 2005 application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
smit1265.56