IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE W. SMITH,

        Plaintiff,                    No. CIV S-05-1265 LKK DAD P

    vs.

ROSANNE CAMPBELL, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner who proceeded pro se with this civil rights action seeking relief under 42 U.S.C. § 1983. The action was dismissed for failure to state a claim upon which relief may be granted, and judgment was entered accordingly on September 11, 2006. Plaintiff has filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, together with a two-page document titled "Supplemental Complaint."

        Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Under the mailbox rule applicable to documents filed by prisoners, plaintiff's motion appears to be timely for purposes of Rule 59(e). However, plaintiff seeks to vacate the judgment, file his proposed supplemental complaint, and proceed on unspecified state law claims. Plaintiff's motion will be construed as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b).

1

1  Rule 60(b) provides in pertinent part as follows:

2  On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the
3  following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from
4  the operation of the judgment. . . .

5  Fed. R. Civ. P. 60(b).  Such motions are addressed to the sound discretion of the district court.

6  See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los

7  Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d

8  140, 146 (9th Cir. 1975); Rodriguez v. Bowen, 678 F. Supp. 1456, 1457 (E.D. Cal. 1988).

9  In the present case, plaintiff has not demonstrated that he can cure the defects of

10  any federal claim alleged in his first amended complaint.  Although plaintiff's proposed

11  supplemental complaint includes points and authorities concerning retaliation and harassment,

12  the proposed pleading alleges no facts supporting such claims.  Moreover, such claims would be

13  inconsistent with plaintiff's prior pleadings.

14  Plaintiff's proposed supplemental complaint does not identify any state law claims

15  and does not allege facts supporting such claims.  Furthermore, the court has dismissed all claims

16  over which it has original jurisdiction and declines to exercise supplemental jurisdiction over any

17  state law claims plaintiff might be able to allege.  See 28 U.S.C. § 1367(c).

18  The court finds no basis for relief pursuant to Rule 60(b).  Accordingly, IT IS

19  HEREBY ORDERED that plaintiff's September 26, 2006 motion to alter or amend judgment is

20  denied.

21  DATED:  October 20, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT